UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALLEN STEIN, as Trustee of the Rachel       Docket No.: 11-CV-6009 (DLI) (JO)
Meisels Irrevocable Trust 2006B

                   Plaintiff,

    -against-                                 **AMENDED COMPLAINT**

AMERICAN GENERAL LIFE INSURANCE
COMPANY,

                   Defendant.
------------------------------------------------------------X

Plaintiff, Allen Stein as Trustee ("Trustee") of the Rachel Meisels Irrevocable Trust 2006B (the "Trust"), by his attorneys, Lipsius-BenHaim Law, LLP, for his amended complaint, states:

1. The Trust is a trust created under the laws of the State of New York with a situs in Hawthorne, New Jersey, wherein Rachel Meisels is Grantor and Allen Stein is Trustee.

2. The Trustee is an individual serving as Trustee of the Trust and residing in the State of New York, County of Kings.

3. Defendant, American General Life Insurance Company ("American General"), at all times relevant, was and is a life insurance company authorized to conduct business in the State of New York with its home office located at 2727-A Allen Parkway, Houston Texas 77019.

4. On or about April 17, 2006, American General issued insurance policy number U10032498L (the "Policy") insuring the life of Rachel Meisels for $2.5 million.

### FIRST CAUSE OF ACTION

5. On or about July 20, 2011, American General sent a letter to the Trust stating that

1

the Policy had lapsed for non-payment of premium.

6. New Jersey statutes and regulations require American General to send a notice to the Trust prior to terminating the Policy for non-payment of premium ("Grace Notice").

7. The Policy requires American General to send a Grace Notice to the Trust prior to terminating the Policy for non-payment of premium.

8. American General did not send a Grace Notice to the Trust prior to terminating the Policy for non-payment of premium.

9. The Policy requires American General to provide the Trust with a 61-day grace period prior to terminating the Policy for non-payment of premium.

10. American General did not provide the Trust with a 61-day grace period prior to terminating the Policy for non-payment of premium.

11. American General did not send a Grace Notice to the Trust providing the Trust with a 61-day grace period prior to terminating the Policy for non-payment of premium.

12. New Jersey statute provides that "[p]ayment of the overdue premium shall be effected on the date of mailing of the payment by the policyholder and may be made at any time during the grace period."

13. New Jersey statute provides that "[t]he grace period provision shall not require receipt of the premium by the insurer within the grace period. The policyholder shall have the entire period within which to remit payment."

14. Under applicable statute, case law and the terms of the Policy, American General's attempt to cancel the Policy is unlawful.

15. The Trustee is prepared to pay any outstanding premiums on the Policy and hereby makes constructive payment of any outstanding premiums on the Policy.

2

16. American General has refused to restore the Policy.

17. No claim has been made under the Policy as the insured person, Rachel Meisels, is alive.

18. By reason of the foregoing, plaintiff is entitled to judgment declaring that the Policy has not lapsed and is in full force and effect.

## SECOND CAUSE OF ACTION

19. Plaintiff repeats, realleges and reiterates each and every allegations contained in paragraphs 1 through 18 of the Amended Complaint as if set forth at length herein.

20. On or about June 3, 2009, American General sent a Notice of Payment Due letter to the Trust.

21. The Notice indicated that a payment of $15,000 was due on July 17, 2009.

22. On or about July 15, 2009, a check for $15,000 was timely sent via U.S. Express Mail to American General for payment of the premiums due (the "July 15, 2009 Payment")

23. The July 15, 2009 Payment was timely received by defendant.

24. American General sent the Trust a letter dated July 20, 2009 ("the 7/20/09 Letter"), stating "we are returning your check and/or premium."

25. The 7/20/09 Letter stated "Please submit another check…" and "…**[w]e will process promptly upon receipt.**" (Boldface in the original 7/20/09 Letter.)

26. In response to the 7/20/09 Letter, on July 29, 2009, a check for $15,000 was sent via U.S. Express Mail to American General for payment of the premiums due ("the July 29, 2009 Payment").

27. Defendant negotiated the July 29, 2009 Payment which cleared on August 8, 2009 and has retained the funds to date.

3

28. American General has waived its right to lapse the Policy.

29. American General is estopped from lapsing the Policy.

30. Under applicable statute, case law and the terms of the Policy, American General's attempt to cancel the Policy is unlawful.

31. The Trustee is prepared to pay any outstanding premiums on the Policy and hereby makes constructive payment of any outstanding premiums on the Policy.

32. American General has refused to restore the Policy.

33. No claim has been made under the Policy as the insured person, Rachel Meisels, is alive.

34. By reason of the foregoing, plaintiff is entitled to judgment declaring that the Policy has not lapsed and is in full force and effect.

**WHEREFORE**, plaintiff demands judgment against American General declaring that the Policy is in full force and effect and awarding plaintiff his costs of the suit, attorneys' fees, and such other relief as the Court may deem just and proper.

Dated: Kew Gardens, New York
August 28, 2012

LIPSIUS-BENHAIM LAW, LLP
*Attorneys for Plaintiff*

By: _____
Cheryl D. Lipsius
80-02 Kew Gardens Road
Kew Gardens, New York 11415
212-981-8440

4