**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Robert P. Lesko
200 Campus Drive
Florham Park, New Jersey 07932
(973) 624-0800 ph.
(973) 624-0799 fx.
Attorneys for Defendant,
American General Life Insurance Company

| | |
|---|---|
| ALLEN STEIN, as Trustee of the RACHEL MEISELS IRREVOCABLE TRUST 2006B, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Defendants | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK <br><br> Civil Action No: 11-cv-6009 <br><br> **ANSWER TO AMENDED COMPLAINT** |

Defendant, American General Life Insurance Company (hereinafter "American General"), by and through its undersigned counsel, by way of Answer to the Amended Complaint, alleges and says:

1. American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Amended Complaint.

2. American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Amended Complaint.

3. American General admits it is a life insurance company authorized to conduct business in the State of New York, with a home office located in Houston, Texas, 77109. Except as expressly admitted herein, American General denies the allegations set forth in the corresponding paragraph of the Amended Complaint.

4. American General admits that it issued Flexible Premium Adjustable

1472924.1

Universal Life Insurance Policy Number U10032498L with an issue date of April 17, 2006 to the R Meisels Irrevocable Trust 2006B insuring the life of Rachel Meisels in the amount of $2,500,000.00, subject to all of the terms and conditions contained therein.

## AS TO THE FIRST CAUSE OF ACTION

5. On or about July 20, 2009 American General advised the R Meisels Irrevocable Trust 2006B that the Policy had lapsed for failure to pay premium. Except as expressly admitted herein, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

6. To the extent that the statements contained in the corresponding paragraph of the Amended Complaint constitute conclusions of law and/or opinion, no response is necessary. To the extent a response is deemed necessary, and as to all allegations of fact, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

7. American General admits that the Policy, includes the following provision among others relevant to non-payment of premiums:

This policy will terminate if:
. . .
The Grace Period ends; and

    a. There is not sufficient Cash Surrender Value to cover a Monthly Deduction; and

    b. The Necessary Monthly Guarantee Premiums to keep the policy in force have not been paid; and

    c. The CG Account value is less than zero.

Except as expressly admitted herein, American General denies the allegations set forth in the corresponding paragraph of the Amended Complaint.

1472924.1

8. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

9. American General admits that the Policy, includes the following provision among others relevant to the Grace Period:

> If the amount required to keep Your Policy in force is not paid by the end of the Grace Period, this policy will terminate without value. However, We will give You at least 31 days notice prior to termination that Your policy is in the Grace Period and advise You of the amount of premium or amount of loan interest required to keep Your policy in force.

Except as expressly admitted herein, American General denies the allegations set forth in the corresponding paragraph of the Amended Complaint.

10. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

11. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

12. To the extent that the statements contained in the corresponding paragraph of the Amended Complaint constitute conclusions of law and/or opinion, no response is necessary. To the extent a response is deemed necessary, and as to all allegations of fact, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

13. To the extent that the statements contained in the corresponding paragraph of the Amended Complaint constitute conclusions of law and/or opinion, no response is necessary. To the extent a response is deemed necessary, and as to all allegations of fact, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

14. To the extent that the statements contained in the corresponding paragraph of the Amended Complaint constitute conclusions of law and/or opinion, no response is necessary. To the extent a response is deemed necessary, and as to all allegations of fact, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

15. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

16. American General admits that or about July 20, 2009 it advised the R Meisels Irrevocable Trust 2006B that the Policy had lapsed effective July 18, 2009 for failure to pay premium. Except as expressly admitted herein, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

17. American General admits that no claim has been made under the Policy. Except as expressly admitted herein, American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Amended Complaint.

18. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

## AS TO THE SECOND CAUSE OF ACTION

19. American General repeats and reasserts its responses to the allegations contained in each of the preceding paragraphs of the Amended Complaint and incorporates them here as if fully set forth at length.

20. American General admits that on June 3, 2009 a Notice of Payment Due was prepared and directed to the R Meisels Irrevocable Trust 2006B. Except as

expressly admitted herein, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

21. American General admits that the Notice of Payment Due stated that a planned premium payment of $15,000.00 was due by July 17, 2009. Except as expressly admitted herein, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

22. American General admits that on or about July 16, 2009, it received a starter check from R. Meisels dated July 1, 2009 and made payable to "R. Meisels," not American General in the amount of $15,000, which appears to have been sent via USPS Express Mail carrier. Except as expressly admitted herein, American General denies the allegations contained in the corresponding paragraph of the Complaint.

23. American General denies the allegations contained in the corresponding paragraph of the Complaint.

24. American General admits that on July 20, 2009 American General returned to Rachel Meisels the starter check from Rachel Meisels dated July 1, 2009 and made payable to "R. Meisels" together with a notice advising of the reason for returning same, which notice speaks for itself. Except as expressly admitted herein, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

25. American General admits that on July 20, 2009 American General returned to Rachel Meisels the starter check from Rachel Meisels dated July 1, 2009 and made payable to "R. Meisels" together with a notice advising of the reason for returning same, which notice speaks for itself. The July 20, 2009 covering letter stated **"Please**

**correct and return to us.  We will process promptly upon receipt."**  Except as expressly admitted herein, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

26. American General admits that on July 30, 2009, it received starter check dated July 20, 2012 from Rachel Meisels in the amount of $15,000 made payment to "AIG," which appears to have been sent via USPS Express Mail carrier. Except as expressly admitted herein, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

27. American General admits that the check was temporarily deposited in a suspense account and subsequently refunded.  Except as expressly admitted herein, American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

28. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

29. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

30. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

31. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

32. American General admits that or about July 20, 2009 it advised the R Meisels Irrevocable Trust 2006B that the Policy had lapsed effective July 18, 2009 for failure to pay premium.

33. American General admits that no claim has been made under the Policy. Except as expressly admitted herein, American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Amended Complaint.

34. American General denies the allegations contained in the corresponding paragraph of the Amended Complaint.

**WHEREFORE**, American General demands judgment in its favor dismissing the Amended Complaint with prejudice, and requiring plaintiff to reimburse American General for all attorneys' fees and costs incurred together with any and all further relief to which American General may be entitled.

## AFFIRMATIVE DEFENSES

1. Plaintiff did not suffer any loss or damage by reason of any alleged acts by American General.

2. The Amended Complaint fails to state any facts that would entitle plaintiff to recover general or consequential damages or attorney's fees and costs.

3. The Amended Complaint should be dismissed by virtue of the express terms and provisions of the contract of insurance at issue, including, but not limited to, provisions relating to the obligation to timely pay premiums when due.

4. The Amended Complaint should be dismissed based upon the doctrine of unclean hands by virtue of the conduct of plaintiff and/or plaintiff's predecessors in interest and/or others from whom plaintiff derives any right or standing to assert the purported claims set forth in the complaint, including but not necessarily limited to intentional misrepresentations contained in the application for the life insurance that is

the subject of plaintiff's complaint concerning the income and net worth of the proposed insured and the reason for which the life insurance policy was sought.

5. The Amended Complaint should be dismissed based on a lack of insurable interest.

6. If and to the extent that American General failed to perform any obligation owing to Plaintiff, which American General categorically denies, such performance was prevented or made impossible as a result of acts or omissions of Plaintiff, the insured, and/or third parties.

7. The Amended Complaint should be dismissed based upon application of the relevant law of the State of New Jersey, which law applies to all of the claims and defenses asserted herein.

8. The Amended Complaint should be dismissed based on the doctrine of estoppel.

9. The Amended Complaint should be dismissed based upon the doctrine of waiver.

10. American General presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, yet unstated affirmative defenses. American General reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

**WHEREFORE**, American General demands judgment in its favor dismissing the Amended Complaint with prejudice, and requiring plaintiff to reimburse American General for all attorneys' fees and costs incurred together with any and all further relief

1472924.1

to which American General may be entitled.

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
        Attorneys for Defendant,
        American General Life Insurance Company

        By: _____*s/ Robert P. Lesko*_____
                Robert P. Lesko

Dated: September 11, 2012

1472924.1