

LIPSIUS –BENHAIM
LAW, LLP

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 888.442.0284
www.lipsiuslaw.com

IRA S. LIPSIUS
Direct Line: 212.981.8442
Email:  ilipsius@lipsiuslaw.com

November 30, 2012

**VIA ECF**

Honorable James Orenstein, U.S.M.J.
United States District Court
Eastern District of New York
Brooklyn, NY 11201

      Re:    **Allen Stein v.  American General Life Insurance Company
                Docket No.  11-cv-6009 (DLI) (JO)**

Dear Judge Orenstein:

      This firm represents plaintiff Allen Stein as Trustee of the Rachel Meisels Irrevocable Trust 2006 B ("Stein") in the above referenced action. Pursuant to Local Civil Rule 37.1 and 37.3 and Your Honor's Individual Motion Practices we respectfully submit this motion for sanctions and to compel a continuation of the deposition of American General Life Insurance Company's ("American General") 30(b)(6) witness. Our good faith attempt to resolve this matter on consent failed.

**Improper Deposition Conduct**

      The deposition of American General's 30(b)(6) representative, Debbie Sutton, was held on August 29, 2012 (transcript attached as **Exhibit A**). Almost from the start of the deposition, Robert Lesko, counsel for American General, was confrontational and improperly raised objections which interfered with the questioning of Ms. Sutton. Mr. Lesko's improper conduct impeded the proper and fair examination of the witness. It was difficult to find a page of the deposition transcript in which counsel for American General did not intrude on the examination of the witness. A reading of the transcript will show that on approximately 80% of the deposition transcript pages, Mr. Lesko objected in some form to the questioning and on many pages of the transcript there were 3 or 4 objections, leaving a minefield of speaking and otherwise improper objections.

      During the deposition, we contacted the Court by telephone to seek a ruling from the Court with respect to defendant's counsel's wrongful assertion of attorney–client privilege and work product privilege. The Court ruled in favor of plaintiff, ordering defendant to respond to plaintiff's questioning within guidelines set by the Court. Mr. Lesko indicated that despite your Honor's ruling, he was going to advise his client not to answer certain deposition questions, even those that were within this Court's guidelines (A copy of the Court transcript is attached as **Exhibit B**). Mr. Lesko then engaged in a deliberate campaign to torpedo the deposition via

LIPSIUS-BENHAIM LAW, LLP

Honorable James Orenstein, U.S.M.J.
November 30, 2012
Page 2

continuous objections and colloquy rendering the deposition ineffectual as he was leading the witness. The witness's testimony was evasive and non-responsive.

Objections are to be limited to statement of objections to form or other evidentiary bases. See *Meyer Corp. U.S. v. Alfay Designs, Inc*., 2012 U.S. Dist. LEXIS 113819 (E.D.N.Y. 2012); *Obayashi Corp. v. Chartis Specialty Ins. Co*., 2012 U.S. Dist. LEXIS 110004, 8-9 (W.D. Wash. 2012), (where similar behavior was exhibited by another AIG company, Chartis). Mr. Lesko's objections went way beyond that.  On some occasions, the objections themselves could have been acceptable, however, in the context of the constant interruptions utilized to assist and cue the witness and the witness's acting upon the cues, the behavior of counsel and the witness mandates the resumption of the deposition. Plaintiff respectfully reserved his rights to continue this deposition (Exhibit A, page 197, lines 19-35; page 198, lines 2-9). Mr. Lesko's improper behavior fell within a number of categories as follows:

**Improper speaking objections** such as objection to questions as being overbroad, vague, ambiguous, calling for speculation and hypothetical or incomplete hypothetical. Counsel for American General directed the witness not to answer numerous questions raised. The numerous times these inappropriate objections were raised was disruptive to conducting an effective deposition. As noted in *Alfay Designs, Inc*., the courts noted counsels' objections, which were virtually identical to American General's objections, and found that they were improper. As noted in Alfay "Moreover, 'it is not counsel's place to interrupt if a question is perceived to be potentially unclear to the witness.' *Phillips v. Manufacturers Hanover Trust Co*., 1994 U.S. Dist. LEXIS 3748, 1994 WL 116078 at *3 (S.D.N.Y. Mar. 29, 1994). Rather '[t]he Federal Rules of Civil Procedure provide two mechanisms to correct or clarify deposition testimony, namely cross-examination and through submission to the witness for review.' *Cameron Indus., v. Mothers Work, Inc*., 2007 U.S. Dist. LEXIS 41482, 2007 WL 1649856 at *5 (S.D.N.Y. June 6, 2007)."  The page limitations do not permit a paragraph by paragraph analysis; however, attached as **Exhibit C**, the Court will find a listing of page references to the transcript.

**Objections to questions purported to be outside the scope of the topics listed in the 30(b)(6) notice.**  Mr. Lesko improperly raised the objection that the questions were outside the scope of the topics listed  in the 30(b)(6) notice.  As noted in *Alfay,* citing *In Empire Ins. Co. v. Nationwide Mut. Fire Ins. Co.,* 2006 U.S. Dist. LEXIS 23419, 3-4 *(*E.D.N.Y. Apr. 26, 2006), "… courts have recognized that when a deponent is produced pursuant to Fed. R. Civ. P. 30(b)(6), the scope of questioning at the deposition is not defined by the notice of deposition -- instead, Fed. R. Civ. P. 26(b)(1) defines the scope of discovery unless otherwise ordered by the court. See Charles Alan Wright & Arthur R. Miller, 8A Federal Practice and Procedure § 2103 (2d ed. 1994 & Supp. 2005) (citing *Cabot Corp. v. Yamulla Enterprises, Inc.*, 194 F.R.D. 499 (M.D. Pa. 2000)). In fact, a notice of deposition cannot be used to limit what is asked of the designated witness, but rather, it constitute[s] the minimum, not the maximum, about which a deponent must be prepared to speak. *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000) (citing *King v. Pratt & Whitney, a Div. of United Technologies Corp*., 161 F.R.D. 475 (S.D. Fla. 1995))." The questions asked by counsel for Plaintiff were well within Rule 26(b) as evidenced in the deposition transcript.

Honorable James Orenstein, U.S.M.J.
November 30, 2012
Page 3

**Privilege:** Mr. Lesko also improperly objected and instructed the witness not to answer based on "attorney-work product" privilege even if privilege was completely inapplicable.  See, e.*g*., page 9, line 21. In *Mercator Corporation et al v. United States of America,* 318 F.3d 379 (2nd Cir.  2002), the Court denied the exact tactic employed by Mr., Lesko ruling that in order for the privilege to apply, the court must find a real rather than speculative  concern that there will be a showing of counsel's thought processes. In this case, this was not shown and counsel just made wholesale objections as to both work product and attorney client privilege.  Mr. Lesko disregarded this Court's mid-deposition ruling and instructed the witness not to answer.

**Additional deposition issues and obstructionist behavior:** Mr. Lesko led the witness, coached the witness and answered on behalf of the witness, thereby rendering the testimony ineffectual. He continuously directed the witness not to answer even when there was no legitimate attorney- client privilege. Further the deposition was contentious and argumentative (see pages 55-56).  In fact, one example is an instance wherein Mr. Lesko, in the middle of questioning , told the witness to walk out without answering (page 115, lines 10-12).
.
**American General and its attorney have refused to follow**
**this Court's order of August 29, 2012.**

The witness was questioned as to preparation for the deposition, whether she had seen the 30(b)(6) notice and where and when she had reviewed documents. Defendant's counsel objected to the questioning as privileged under both attorney–client and work product privilege. Plaintiff's counsel made a conference call to the call for a ruling. The Court directed Mr. Lesko to have the witness answer questions as to documents reviewed and when they were reviewed. Mr. Lesko indicated to Your Honor, that despite your ruling he would instruct his client not to answer any questions as to when she had reviewed the documents but only as to whether she had reviewed the documents. Your honor put Mr. Lesko on notice  that " if you forestall — you know, direct the witness not to answer now and the witness is directed to answer later, your client will bear the costs of the follow-up deposition" (Court transcript p. 8).  This Court's ruling is well-established. In *Ingrid Fischer v Halliburton* 2009 U.S.Dist. LEXIS 14736 (S.D.N.Y. 2009), the court held that pursuant to Federal R.Evid 612, "absent any independent privilege attached  to the documents…reviewed in preparation for his deposition is not privileged."

**Deposition Sanctions**

Rule 30 governs attorney misconduct and sanctions during the taking of a deposition by oral examination. Rule 30 specifically addresses the issues of fair examination of witnesses and indicates that "a deposition must be stated concisely and in a non-argumentative and non-suggestive manner." Further Rule 37(b)(2) provides that a court may impose sanctions against a party that "fails to obey an order to provide or permit discovery . . . ." *Salahuddin v. Harris*, 782 F.2d 1127, 1132-33 (2d Cir. 1986).

Honorable James Orenstein, U.S.M.J.
November 30, 2012
Page 4

Rule 37(b)(2) directs a court to "make such orders in regard to the failure as are just," and must impose reasonable expenses and attorney's fees on the disobedient party "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2). In *Sicurelli & Masyr v. Jeneric*, 2005, U.S. Dist. LEXIS 38943 (E.D.N.Y. 2005), the court found behavior less egregious than Mr. Lesko's sanctionable behavior and awarded attorneys' fees and costs.

In deciding whether to impose sanctions under Rule 37, the Court considers the following factors: "(1) the willfulness of the noncompliant party or the reasons for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance." *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (Marrero, D.J.) (citing *Bambu Sales, Inc. v. Ozak Trading Inc*., 58 F.3d 849 (2d Cir. 1995)). American General's contentious and non-compliance was not only willful but part of a calculated litigation strategy taken by Mr. Lesko to destroy the deposition.

**American General's History of Obstructionist Behavior**

Wilson Elser and its attorney Robert Lesko, American General and its sister AIG insurers, have a history of obstructing depositions and failing to participate in good faith in discovery. See *Prescia v. U.S. Life*, 10cv2518 (S.D.N.Y.) (frivolous removal to Federal Court, attached as **Exhibit D**); *American v. Ellman* (discovery order attached as **Exhibit E**), *W Holding Co. v. Chartis Insur. Co.* 2012 U.S. Dist. LEXIS 157925 (D.P.R. 2012) (frivolous litigation), *Obayashi Corp. v. Chartis Specialty Ins. Co*., 2012 U.S. Dist. LEXIS 110004, 8-9 (W.D. Wash. 2012), *Am. Gen. Life Ins. Co. v. Billard*, 2010 U.S. Dist. LEXIS 114961 (N.D. Iowa 2010). They have been reprimanded and/or sanctioned by courts on numerous occasions, often for the very same obstructionist behavior and activities as occurred at the deposition of Debbie Sutton on August 29, 2012. It is no surprise that they have again attempted to render the deposition ineffective by their action

Plaintiff respectfully requests that this court order the continued deposition of American General's 30(b)(6) witness with sanctions for costs and attorneys' fees of the August 29, 2012 deposition as well as the attorneys' fees for this motion to be levied against American General, the firm of Wilson Elser, and against Robert Lesko. We further request that the continued deposition be held in the Courthouse on a date Your Honor is available in order to safeguard against a duplication of the August 29, 2012 deposition.

Very truly yours,

LIPSIUS-BENHAIM LAW, LLP

Ira S. Lipsius