Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------X Docket#
ALLEN STEIN, AS TRUSTEE OF   : 11-cv-6009(DLI)(JO)
THE RACHEL MEISELS           :
IRREVOCABLE TRUST 2006B,     :
             Plaintiff,      :
                             :
   - versus -                : U.S. Courthouse
                             : Brooklyn, New York
AMERICAN GENERAL LIFE        :
INSURANCE COMPANY,           : August 29, 2012
             Defendant       :
-----------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

A   P   P   E   A   R   A   N   C   E   S:


For the Plaintiff:            **Ira Lipsius, Esq.**
                              Lipsius-BenHaim Law, LLP
                              82-02 Kew Gardens Rd.
                              Ste. 1030
                              Kew Gardens, NY 11415


For the Defendant:            **Robert P. Lesko, Esq.**
                              Wilson Elser Moskowitz
                              Edelman & Dicker
                              200 Campus Drive
                              Florham Park, NJ 07932


Transcription Service:        **Transcriptions Plus II, Inc.**
                              740 Sharon Road
                              Copiague, New York 11726
                              Transcriptions2@verizon.net


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings                                    2

1        THE COURT:  We're on the record in Stein v.

2   American General Life Insurance Company, docket number

3   11-cv-6009.

4        We have Mr. Lipsius for the plaintiff and

5   Mr. Lesko for the defendant.  They're calling from a

6   deposition and gentlemen, I understand you have a

7   dispute.

8        Before we'd gone on the record, one of you told

9   me that you anticipate a read back of five to seven

10  minutes.  I sincerely hope that between the two of you,

11  you can get me up to speed on the issue in dispute

12  without having to burden the record with that long a read

13  back but let's see.  Can somebody tell me what the

14  problem is?

15        MR. LIPSIUS:  I'll start off with the question

16  -- I asked the witness if she saw the 30(b)(6) notice.

17  It's a 30(b)(6) deposition.  And then I asked where --

18  when she saw it or the exact words -- and it was told --

19  and the objection was attorney/client privilege as to her

20  even review of the 30(b)(6) notice and then everything,

21  every question asked and none of it related to any of

22  what I believe is privileged communications but as to

23  what she did to prepare for this deposition, time, who

24  she met with et cetera, and everything was raised -- and

25  everything was objected to with an attorney/client

Transcriptions Plus II, Inc.

                    Proceedings                    3

1    privilege objection.

2              THE COURT:  Mr. Lesko, in --

3              MR. LESKO:  Your Honor, I disagree one hundred

4    percent with what Mr. Lipsius just read or just said.

5    And it may require your Honor to consider some of the

6    record but let me just say this.  The witness did answer

7    yes to the question, did you review the 30(b)(6) notice.

8    Mr. Lipsius said when and I instructed the witness that

9    to the extent that would disclose attorney/client

10   communication, or work product privilege, i.e., when we

11   were preparing yesterday, that she should so indicate and

12   not answer.

13             As for preparation for the deposition, to the

14   extent the preparation consisted of me showing her

15   documents and us discussing them, or even the documents

16   that I chose to show her, that's work product and

17   attorney/client privilege.  And --

18             THE COURT: All right.  Can I ask --

19             MR. LESKO:  As for other preparation --

20             THE COURT:  -- a question?

21             MR. LESKO:  Just one moment, your Honor, just

22   one more thing I can add to that which is very

23   instructive.  As to other preparation or communications

24   with people who are not attorneys, the witness answered

25   at length and she disclosed the manager of

                 Transcriptions Plus II, Inc.

Proceedings                    4

1   reinstatements, Alyssa Stokes (ph.), the manager of

2   direct payments, Janet Pflegal (ph.), the director of

3   mail services, Frank Vallis (ph.) and the business

4   analyst, Tamiko Stewart (ph.). So, Mr. Lipsius is

5   incorrect in suggesting that we -- that I instructed her

6   not to answer.

7           THE COURT: All right. Folks, let me ask you

8   this. Will it work for both sides if the following forms

9   of question are permitted: (a) identifying things that

10  have been reviewed, whatever documents Mr. Lipsius wants

11  to talk about and (b) as to any such document that was

12  reviewed, did you review it before yesterday and if so,

13  when.

14          Is that a problem for you, Mr. Lesko?

15          MR. LESKO: No, your Honor. If Mr. Lipsius

16  presents a document and asks if she reviewed it, she can

17  answer that question.

18          THE COURT: And if she -- and if the follow-up

19  question is when before yesterday, if ever, did you

20  review that document, she can answer that?

21          MR. LESKO: Well, if she reviewed it and she

22  said she never reviewed it before yesterday, then she is

23  saying in effect she reviewed it yesterday with counsel

24  which discloses that I ave it to her.

25          THE COURT: That's -- you're right. That's the

Transcriptions Plus II, Inc.

Proceedings                                5

1   inference to be drawn but I take it, you know, it's fair

2   to ask for example, did you review it the day before

3   yesterday?  Did you review it two days before that?

4           MR. LESKO:  Well, yes, your Honor --

5           THE COURT:  So --

6           MR. LESKO:  -- but clearly as you noted that --

7           THE COURT:  Right.

8           MR. LESKO:  -- if the follow-up question is

9   asked, did you ever review it and she never reviewed it

10  before yesterday and we prepared yesterday, then we're

11  disclosing attorney/client privilege and work product.

12          THE COURT:  I --

13          MR. LESKO:  And the bottom line is what's --

14  why?  What's the point?

15          THE COURT:  Well (indiscernible).

16          (Cross-talk)

17          MR. LESKO:  (Indiscernible) the substantive

18  question.

19          MR. LIPSIUS:  Your Honor, let me --

20          MR. LESKO:  (Indiscernible).

21          THE COURT:  Excuse me.  Sorry, folks.  Sorry.

22  May I --

23          MR. LIPSIUS:  Your Honor, please --

24          THE COURT:  Excuse me, let me just get

25  something in here.  Folks, look I understand, Mr. Lesko

Transcriptions Plus II, Inc.

Proceedings                                6

1   that sometimes the assertion of a privilege and the

2   inability to assert it other circumstances can allow the

3   inference that serves to disclose what you'd rather not

4   but I don't know that it's an improper question (a) to

5   ask whether the witness has reviewed a certain document

6   or (b) to ask whether outside of when and whether,

7   outside of consultations with you or others on the

8   defense team, she reviewed it.

9          MR. LESKO:  Well I have a proposal in that

10  regard, your Honor.  If Mr. Lipsius asks did you review

11  this document and she said yes, that's it.

12         THE COURT:  No.

13         MR. LESKO:  And it's not disclosing --

14         THE COURT:  No, sir.  I disagree with that.

15         MR. LIPSIUS:  Your Honor, the other question

16  that becomes quite important to me is what documents she

17  reviewed and in fact, he's instructed the witness to not

18  reveal any document reviewed that was shown by counsel

19  and I don't think under the federal rules, there's --

20  that's a valid objection.  I have a right to know every

21  document she reviewed, no matter who showed it to her.

22         MR. LESKO:  Well there again, we can come to a

23  compromise if you ask her if she reviewed a document and

24  she says yes, but you cannot ask whether she reviewed it

25  with counsel or prior to counsel, and then you know what

Transcriptions Plus II, Inc.

Proceedings                                    7

1   documents she reviewed.

2           THE COURT:  No, I think --

3           MR. LIPSIUS:  I don't know what documents she

4   reviewed, your Honor, unless I am told exactly.  And I

5   don't believe any of that is privileged.  I've been

6   practicing for many years and I have always been under

7   the impression and I seen this as I've researched it many

8   years ago, and I have a right to ask any document

9   reviewed period, whether reviewed with counsel, handed to

10  counsel.  There's no privilege as to what document a

11  person reviews.

12          THE COURT:  The question what documents did you

13  review, I believe does not call for privileged

14  information.

15          MR. LESKO:  Agreed.

16          THE COURT:  Okay.  So --

17          MR. LESKO:  My --

18          THE COURT:  Mr. Lipsius -- excuse me.

19  Mr. Lipsius can ask the witness to identify all documents

20  she reviewed.  As to any document reviewed, he can ask

21  about the circumstances and timing of the review, carving

22  out anything, you know, that occurred as part of the

23  preparation with counsel.  Does that give you folks

24  sufficient guidance to go forward with the deposition?

25          MR. LESKO:  Your Honor, that does give guidance

Proceedings                                    8

1   but I would like an opportunity to brief it because I am

2   very certain that I am correct about this privilege

3   question.  And we would like to brief -- to protect the

4   privilege.

5          THE COURT:  Well, look, the rule certainly

6   gives you the ability to direct the witness not to answer

7   a specific question.  You're going to do it question-by-

8   question, I think.  As to any particular question, you

9   can direct the witness not to answer to preserve for

10  later litigation an assertion of privilege.

11         That said, you know, one of the possible

12  outcomes will be if you forestall -- you know, direct the

13  witness not to answer now and the witness is directed to

14  answer later, your client will bear the costs of the

15  follow-up deposition.

16         MR. LESKO:  Well, I understand it's a possible

17  outcome, your Honor.  I don't agree that that's the

18  appropriate outcome but we'll be guided by that.

19         THE COURT:  Well, to the extent that --

20         MR. LESKO:  I feel that (indiscernible) --

21         THE COURT:  Mr. Lipsius -- I'm sorry, Mr.

22  Lesko, to the extent that I am giving you a ruling now,

23  that is the ruling.  If you choose nevertheless to direct

24  your client or the witness not to answer, I just don't

25  want you to be surprised if that's going to be the result

Transcriptions Plus II, Inc.

Proceedings                         9

1  that, you know --

2            MR. LESKO:  I understand, your Honor.

3            THE COURT:  -- that if I adhere to the ruling

4  and require the witness to answer, you know, your client

5  will bear the cost of that.

6            MR. LESKO:  Well, your Honor, you indicated

7  that you'll make those rulings on a question-by-question

8  basis.

9            THE COURT:  No, I'm not going to make the

10  rulings on a question-by-question basis today.  You're

11  not going to call up with every question.

12            MR. LESKO:  I understand.

13            THE COURT:  Yes, okay.

14            MR. LESKO:  I understand that.

15            THE COURT:  Right.

16            MR. LESKO:  But I feel as counsel, my ethical

17  duty is to preserve this privilege.

18            THE COURT:  Sure.

19            MR. LESKO:  And that's what I am going to need

20  to do.

21            THE COURT:  Okay.  You're preserving a

22  privilege that as described thus far, I believe is not

23  properly asserted and to me that's the important thing to

24  keep in mind that you're already getting a ruling.

25            MR. LESKO:  Understood, your Honor, but your

Proceedings                                         10

1   Honor's not making the ruling on a complete record.  So I

2   think we need to present the complete record.

3            THE COURT:  But what more complete record do

4   you want me to hear?

5            MR. LESKO:  Well, we don't know all the

6   questions yet that counsel is going to ask. If -- your

7   Honor indicated that the Court's not prepared to do a

8   question-by-question ruling today and I agree that would

9   be a waste of everybody's time in this room, so upon

10  completion of today's session, if Mr. Lipsius wants to

11  move to compel, we'll oppose and then we'll act in

12  accordance with your Honor's --

13           THE COURT:  Okay, but --

14           MR. LESKO:  -- we'll act appropriate

15  (indiscernible).

16           THE COURT:  -- you know, I don't think every

17  issue needs question-by-question rulings.  I'm telling

18  you as a ruling now, as a general matter, to the extent

19  the questions seek to have the witness identify all

20  documents reviewed and as to any document reviewed the

21  timing and circumstances of the review with the exception

22  of review by -- you know, in consultation with counsel,

23  that question should and much be answered.

24           MR. LESKO:  Okay.  Your Honor and what I am

25  saying, I understand that and I appreciate the Court's

Transcriptions Plus II, Inc.

```
                        Proceedings                    11
```

1   direction.  I agree that to the extent the question is

2   asked, what was reviewed can be answered.  But if the

3   follow-up question as to when it was reviewed, the answer

4   will reveal attorney/client communication or privilege,

5   then I intend to instruct the witness not to answer to

6   preserve (indiscernible).

7          THE COURT:  All right.  But that is in

8   contravention of my order.  I just want that to be clear.

9   If the question --

10         MR. LESKO:  I understand.

11         THE COURT:  If the question is when did you

12  review it but don't tell me in answering that question

13  any communications with counsel or don't tell me when you

14  reviewed it with counsel but any other time that you

15  reviewed it, if that is the nature of the question, it

16  must be answered.  That is the ruling.  So you're not --

17  at this point, you wouldn't be preserving an objection or

18  an assertion of privilege for review by me.

19         MR. LESKO:  Your Honor, I understand that and I

20  respectfully disagree because if I allow the answer now

21  to that prior to seeking review of that ruling, then I

22  will have waived or the witness will have waived the

23  privilege making any appeal moot.

24         So I feel like -- and I will -- you know, we're

25  on the phone here on our feet.  I'm going to take a

1    minute or two to consider this and discuss it with my

2    client.

3            THE COURT:  I hope so.

4

5            MR. LESKO:  I will.

6            THE COURT:  Yes.

7            MR. LESKO:  I will.

8            MR. LIPSIUS:  Now there's another -- the next

9    objection which it all goes to attorney/client, is the

10   witness advised, I think before counsel raised objection

11   that in preparation she had spoken to people within the

12   legal department of American General, AIG, and I asked

13   for those names to be identified.  I believe there was an

14   objection to that, as well and I believe I have a right

15   to have the names of the people that she met with in

16   preparation, even if they are attorneys within the

17   company.

18           MR. LESKO:  The record will reflect that she

19   said no in response to that question, so she didn't.  And

20   even if she did, the communications are privileged.

21           MR. LIPSIUS:  I don't believe identification of

22   the party is privileged, your Honor.

23           THE COURT:  Meeting with counsel, don't ask

24   about meetings with counsel but it sounds like it's a

25   moot issue.  She says she didn't meet with any attorneys.

Proceedings                    13

1          MR. LESKO:  In the legal department.

2          MR. LIPSIUS:  Could you check the record on

3     that one second, the reporter is here --

4          THE COURT:  Wait.  We've got the witness there.

5

6          MR. LIPSIUS:  Yes.

7          THE COURT:  Is the witness there?

8          MR. LESKO:  Yes.

9          MS. SUTTON:  Yes.

10         THE COURT:  What's your name, ma'am?

11         MS. SUTTON:  Debbie Sutton (ph.).

12         THE COURT:  Okay.  Did you meet with any

13    attorneys in the legal department?

14         MS. SUTTON:  No.

15         MR. LESKO:  Sorry -- okay.

16         THE COURT:  That's the answer.

17         MR. LESKO:  Thank you.

18         THE COURT:  Okay.  Anything else?

19         MR. LIPSIUS:  Not at this time.  I hope we

20    won't have to come back again.  Thank you.

21         THE COURT:  All right.  Well, look, if you have

22    an issue that needs a ruling, I'll certainly give it to

23    you.  I do urge you folks to do as much as you can

24    without getting a ruling so that if there's going to be

25    more than one issue, you know, we save it all up for the

Proceedings                                    14

1   end and maybe as you progress you'll find that something

2   that was in dispute has resolved itself along the way.

3   But certainly if you need a ruling, I'm here to give it.

4            MR. LESKO:  Thank you, your Honor.  We

5   appreciate it.

6            THE COURT:  Have a good day, all.  Thank you.

7                (Matter concluded)

8                    -o0o-

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Transcriptions Plus II, Inc.

15

C E R T I F I C A T E

       I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

       I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

       IN WITNESS WHEREOF, I hereunto set my hand this **6th** day of **September**, 2012.

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.

Transcriptions Plus II, Inc.