

November 30, 2012

**Robert P. Lesko**
973-735-5779 (direct)
Robert.Lesko@wilsonelser.com

**VIA ECF**
Honorable James Orenstein, U.S.M.J.
The United States District Court for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York

Re:    **Allen Stein v. American General Life Insurance Company**
       **Docket No.: 11-cv-6009(DLI)(JO)**

Dear Judge Orenstein:

We write on behalf of American General Life Insurance Company to request an order compelling plaintiff's responses to supplemental interrogatories, compelling Rachel Meisels to produce documents pursuant to subpoena, and to request a brief extension of the current discovery deadline of November 30, 2012. The additional time is necessary because of (1) plaintiff's refusal to respond to supplemental discovery, even though that discovery was necessitated by plaintiff's eleventh-hour amendment of his complaint to add new claims, (2) plaintiff's delay in appearing for deposition testimony until this week at which time he revealed the identity of a new key witness, and (3) failure of Rachel Meisels (who is also represented by plaintiff's counsel) to produce documents demanded by way of subpoena, thereby necessitating a deposition of the man who is managing her financial affairs.

Plaintiff has unreasonably declined to consent to the discovery extension.

I.    **American General's Supplemental Interrogatories**

American General timely served 13 supplemental interrogatories directed to plaintiff's Amended Complaint, which this Court expressly authorized when it granted plaintiff's motion to amend the complaint more than 13 months into the litigation and 3 days before the discovery end date. The interrogatories were specifically directed to plaintiff's new claims and American General's affirmative defense to those claims. Nevertheless, plaintiff refused to answer supplemental interrogatories 7 through 13 on the grounds that the interrogatories exceeded the 25 interrogatory limit imposed by the Federal Rules of Civil Procedure. We demanded responses and engaged in discussions with Mr. BenHaim regarding these interrogatories in an effort to resolve the dispute, but plaintiff's counsel refused to relent.

200 Campus Drive • Florham Park, NJ 07932 • p 973.624.0800 • f 973.624.0808
One Gateway Center • Suite 2600 • Newark, NJ 07102

James Crawford Orr • Regional Managing Partner, New Jersey

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

1516070.1



All seven of the disputed interrogatories relate to plaintiff's equitable claims of waiver and estoppel and American General's affirmative defense of unclean hands.  While American General had previously asserted a defense of unclean hands in response to plaintiff's original Complaint, it withdrew that affirmative defense upon the urging of the Court and insistence of plaintiff's counsel, and we did not pursue responses to interrogatories in that regard.  When plaintiff filed the Amended Complaint, American General reasserted the defense and served the supplemental discovery.  Plaintiff should not now be heard to argue that the interrogatories exceed the guideline limit in Rule 26 because the additional interrogatories were made necessary by his late amendment.

Moreover, upon the Court's grant of plaintiff's motion for leave to amend, the Court directed the parties submit a proposed discovery schedule.  The resulting schedule provided for supplemental discovery requests to be served within ten days of the filing of American General's Answer to the Amended Complaint, but it did not limit the number of interrogatories to be served by American General.

## II.    Extension of Discovery Is Also Needed to Depose Non-Party Witnesses.

The identity and importance of an important fact witnesses, Mayer Rosen, was first revealed earlier this week at plaintiff's deposition, which had been repeatedly delayed by plaintiff's counsel.  Despite repeated requests[1] for a date and time for plaintiff's deposition since the filing of plaintiff's Amended Complaint on August 28, 2012, he was not made available until this past Monday, just four days before the expiration of the current discovery end date.[2]

During the deposition on Monday, plaintiff disclosed for the first time that he did not receive any mail from American General, but that the mail actually went to a mail box and was collected and delivered to him by a person to whom he otherwise had no connection.  He identified this individual as "Mark Rosen."  Thus, we learned for the first time that mail sent by American General the Rachel Meisels Irrevocable Trust 2006B was delivered to someone other than plaintiff with no connection to the Trust, namely Mark Rosen.  Delivery and receipt of policy notices is central to plaintiff's claims in this case.  Thus, American General should be afforded an opportunity to depose Mr. Rosen.

After learning of Mr. Rosen's role on November 26, 2012, we acted to obtain a current address and personally serve him with subpoena.  We obtained said information from the mail box facility on November 29, 2012 and successfully served Mr. Rosen with a subpoena on November 30, 2012.  His appearance is set for December 10, 2012.

The deposition of Moses Appel is also necessary because Rachel Meisels is unable to provide

---

[1] American General's counsel requested a date and time for plaintiff's deposition on September 6, 2012, October 10, 2012, October 22, 2012, October 25, 2012 and again on November 13, 2012.
[2] Plaintiff's deposition had been previously tentatively scheduled for August 30, 2012, but it was adjourned when plaintiff sought leave to amend the complaint so as to avoid the need for multiple appearances.



competent testimony and her counsel has failed to produce documents mandated by subpoena. American General contends that the application for the policy at issue contains intentional and material misrepresentations, thereby precluding plaintiff from seeking equity.  Mrs. Meisels' deposition was conducted on September 27, 2012.  During her deposition, it became clear to counsel for American General that Mrs. Meisels suffered from some sort of dementia rendering her incapable of providing reliable testimony.  As a result, American General sought other avenues to pursue relevant information relating to the misrepresentations in the application.

When American General's process server delivered the subpoena duces tecum to Mrs. Meisels' home on September 12, 2012, Mrs. Meisels' live-in caretaker, Margaret, referred him to an individual named Moses, who we believe to possess information relative to Mrs. Meisels' finances.  Therefore, following Mrs. Meisels' deposition, we set out to find and depose Moses. Our investigation revealed that the "Moses" to whom Margaret referred is actually Moses Appel. Mr. Appel was served with a subpoena on November 29, 2012, and his deposition is scheduled for December 10, 2012.

Meanwhile, the subpoena served upon Rachel Meisels on September 12, 2012 also called for production of documents relative to the representations on the application for insurance. Plaintiff's counsel also represents Mrs. Meisels with respect to that subpoena.  To date, American General has not received responses from the subpoena duces tecum directed to Rachel Meisels despite repeated requests to her counsel for a response.  American General respectfully requests that the Court order Mrs. Meisels' counsel to undertake efforts to obtain from their client and supply to American General all documents responsive to the subpoena.

In light of the foregoing, we respectfully request that plaintiff be ordered to provide complete responses to all supplemental interrogatories and that discovery be extended for a period of at least 30 days following said responses to allow for completion of all outstanding discovery, including production of documents on behalf of Mrs. Meisels' and the depositions of Mr. Rosen and Mr. Appel.

We thank the Court for its attention to this matter.

Respectfully submitted,
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

/s Robert P. Lesko

Robert P. Lesko

1516070.1