UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
ALLEN STEIN, *as Trustee of the Rachel Meisels Irrevocable Trust 2006B*,

                              Plaintiff,

                  -against-

AMERICAN GENERAL LIFE INSURANCE COMPANY,

                              Defendant.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-6009 (DLI)(JO)

**DORA L. IRIZARRY, United States District Judge:**

## BACKGROUND

The Court assumes familiarity with the facts of this case, which are set forth in detail in the Court's Memorandum and Order dated July 22, 2014 (the "July Order," Dkt. Entry No. 82). The following summary, therefore, will recite only those facts relevant to this decision (the "Decision").[1]

Plaintiff brought this action against Defendant seeking a declaration that the Policy did not lapse due to nonpayment of premiums. July Order, at 1. On May 18, 2009, the Policy's balance was insufficient to cover the monthly deduction. *Id.*, at 2. As a result, Defendant generated a "Grace Period Notice" (the "May 18, 2009 Notice"), and mailed it to Plaintiff. *Id.*, at 2 and 10. Defendant addressed the May 18, 2009 Notice to the policy owner, which in this case was the Trust. Def. Sup. Mot., at 3.

The May 18, 2009 Notice informed Plaintiff that the Policy had entered the grace period, and that the Policy would terminate unless Plaintiff remitted $22,361.91 before July 20, 2009. *Id.*,

---

[1] Unless otherwise indicated, the Court incorporates all party-name abbreviations and designations from the July Order in this Decision.

at 2. Defendant's full name and address appear in the top left-hand corner of the May 18, 2009 Notice, and the logos for both "American General" and "AIG" appear in the top right. May 18, 2009 Notice. A payment stub, with Defendant's address and the payment amount owed, appears at the bottom of the May 18, 2009 Notice. *Id.* The body of the May 18, 2009 Notice directs Plaintiff to address any questions to the Plaintiff's servicing agent, or the Defendant's customer service center. *Id.* The servicing agent's name (Joseph Lowinger), address, and phone number also appear in the body of the May 18, 2009 Notice, along with the 1-800 telephone number for the customer service center. *Id.*

On October 15, 2013, the parties cross-moved for summary judgment. Dkt. Entry Nos. 75-78. One of the issues raised in the motions was whether the May 18, 2009 Notice complied with New York Insurance Law § 3211. July Order, at 10. With respect to this issue, the Court held that the May 18, 2009 Notice adequately stated the amount of the payment owed and the date due. *Id.*, at 10 and 14. However, there remained a genuine issue of material fact on the question of whether the May 18, 2009 Notice properly identified the place where and to whom payment was due. *Id.*, at 13. Specifically, the Court found that Defendant had not provided any admissible evidence in support of two of its key arguments: (1) that Defendant would have accepted payment to any of the entities[2] listed on the May 18, 2009 Notice; and (2) that Plaintiff had previously made payments

---

[2] To clarify, in section II.B.3, on page 13 of the July Order, the Court inadvertently omitted the words "three corporate" before the word "entities" in the following sentence: "While Defendant asserts that it would have accepted a check made out to any of the entities listed on the [May 18, 2009 Notice], it has not cited any admissible evidence in support of this assertion." This omission appears to be the basis for the magistrate judge's direction to the parties to exchange discovery on "whether the defendant would have accepted a check made out to any of the *four entities* listed on the [May 18, 2009 Notice]" (emphasis added). Defendant's reply and opposition to Plaintiff's summary judgment motion clearly argues that Defendant would have accepted payment to any of the following three corporate entities: American General Life Insurance Company, American General, or AIG. *See* Def.'s Reply and Opp. to Pl.'s Mot., at 7 (Dkt. Entry No. 77) ("[A] premium check timely received and made out to any of [American General Life Insurance Company, AIG, or American General] would have been negotiable and accepted."). Similarly, Defendant continues to advance that argument here, *i.e.* that it would have accepted payment to any of the three corporate entities. Def.'s Supp. Mot., at 6 (Dkt. Entry No. 90-1). To the Court's knowledge, Defendant has never argued that it would have accepted payment to the servicing agent listed in the May 18, 2009

in response to other grace period notices. *Id.* On July 29, 2014, the magistrate judge directed the parties to exchange discovery regarding these two discrete issues. *See* July 29, 2014 Minute Entry, Dkt. Entry. No. 83.

On March 31, 2015, Defendant filed its supplemental motion for summary judgment, which Plaintiff opposed. Dkt. Entry Nos. 90-92. In support of its motion, Defendant submitted copies of three checks for premium payments made by the Trust. Sutton Supp. Decl., Ex. 15, Dkt. Entry No. 90-2. The checks were made payable to AIG, American General Life Insurance, and American General,[3] respectively. *Id.* According to the Supplemental Declaration of Debbie Sutton, Defendant accepted each of these checks, in accordance with Defendant's normal practice during the period the Policy was in force. *Id.*, at ¶¶ 2-3. Sutton is Defendant's Director of Customer Services, whose responsibilities have included oversight of customer premium payments. Sutton Decl., at ¶ 1, Dkt. Entry No. 75-4.

Defendant also submitted a copy of a "Grace Period Notice" Defendant mailed to Plaintiff on June 17, 2008 (the "June 17, 2008 Notice"). *Id.*, Ex. 16. Defendant addressed the June 17, 2008 Notice to the insured, Rachael Meisels, who was designated as the payor of the premiums at that time. *Id.*, at ¶ 4. With minor exceptions, the June 17, 2008 Notice is nearly identical to the May 18, 2009 Notice with respect to formatting and content, *i.e.*, placement of Defendant's full name and address, logos, servicing agent information, etc. *Id.*, at ¶ 5; *compare* June 17, 2008 Notice *with* May 18, 2009 Notice. The June 17, 2008 Notice requested payment of $21,393.86 by August 18, 2008. June 17, 2008 Notice.

---

Notice. Accordingly, the analysis that follows focuses on whether Defendant has adduced sufficient evidence that it would have accepted payment to any of the three corporate entities.

[3] When referring to AIG, American General Life Insurance, and American General collectively, the Court will hereinafter refer to these entities as the "Three Corporate Entities." Although this designation suggests that these are three separate entities, the Court takes judicial notice of the fact that American General and American General Life Insurance are the same entity. *See*, Sutton Supp. Decl., at ¶ 2.

In response to the June 17, 2008 Notice, Plaintiff mailed Defendant a check, dated July 1, 2008 (the "2008 Check"), for $21,394 made payable to "AIG." Sutton Supp. Decl., Ex. 17; *id.*, at ¶ 6. Plaintiff mailed the check, along with a copy of the June 17, 2008 Notice, to the address provided for Defendant in both the June 17, 2008 Notice and the May 18, 2009 Notice – P.O. Box 4373 Houston, TX 77210-4373. *Id.*, Ex. 17. Defendant received the check and the June 17, 2008 Notice, cashed the check, and continued the Policy in force. *Id.*, at ¶ 6. Defendant submitted copies of the check and the June 17, 2008 Notice that Plaintiff mailed to Defendant as an exhibit to the summary judgment motion.

## **DISCUSSION**

**I.     Summary Judgment Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 202 (2d Cir. 2007) (internal quotations omitted).

A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F. 3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655

(1962) (per curiam) and *Ramseur v. Chase Manhattan Bank*, 865 F. 2d 460, 465 (2d Cir. 1989)). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrates the absence of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted). The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson*, 477 U.S. at 256. The nonmoving party may not "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan v. City of New York*, 996 F. 2d 522, 532-33 (2d Cir. 1993) (citations and internal quotations omitted). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F. 3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

## II. Analysis

### A. Whether Defendant Would Have Accepted Payment to Any of the Three Corporate Entities

Plaintiff argues that a genuine issue of material fact remains as to whether the May 18, 2009 Notice properly identified the party to whom payment was to be made. Pl.'s Opp., at 4. Specifically, Plaintiff attacks as "decidedly suspect" Defendant's assertion that it would have accepted a check made payable to any of the Three Corporate Entities. *Id.*, at 4-5. Plaintiff advances two arguments in support of this position, neither of which the Court finds persuasive.

In his first argument, Plaintiff concedes that, *at some point* during the lifetime of the Policy, Defendant accepted checks made payable to any of the Three Corporate Entities. Pl.'s Supp. 56.1 Resp., at ¶ 16. However, according to Plaintiff, Defendant ceased this practice in July of 2008. *Id.* Plaintiff's evidence in support of this theory consists of two transcripts in which Defendant's counsel states that AIG and American General are two different entities. Pl.'s Opp., at 4-8; Lipsius Supp. Decl., Exs. B and C.

The Court is at a loss to understand this argument. The fact that AIG and American General are two different entities has absolutely no bearing on whether Defendant accepted checks addressed to any of the Three Corporate Entities during the time the Policy was in force. Defendant has produced three checks issued by Plaintiff, each one addressed to one of the Three Corporate Entities. Sutton Supp. Decl., Ex. 15. The date on one of these checks is October 11, 2008, a fact that flatly contradicts Plaintiff's contention that Defendant stopped accepting checks addressed to any of the Three Corporate Entities in July 2008. *Id.* Moreover, Sutton testified that Defendant accepted checks made payable to any of the Three Corporate Entities during the entire time the Policy was in force. *Id.*, at ¶ 2. Plaintiff offers the bald conclusory assertion that Defendant ceased this practice in July 2008, without a scintilla of evidence in support. *See Ying Jing*, 996 F. 2d at

532-33 (holding that a non-moving party cannot defeat a motion for summary judgment by relying on conclusory statements).

Plaintiff's second meritless argument is that Defendant implicitly admitted that it would not have accepted a check made payable to the servicing agent, Lowinger. Pl.'s Opp., at 7. Thus, under this theory, Defendant has admitted that it would not have accepted payment addressed to any one of the *four* the entities listed on the May 18, 2009 Notice. *Id.*, at 4-5. However, Defendant has never claimed that it would have accepted a check payable to Lowinger. *See generally*, Def.'s Reply and Opp. to Pl.'s Mot.; *and* Def.'s Supp. Mot. To the contrary, Defendant has argued that the "[May 18, 2009 Notice] included [Lowinger's] name and contact information *only* for the express purpose of directing the Trust to contact" Lowinger if Plaintiff had any questions. Def.'s Supp. Mot., at 7 (emphasis in original). This conclusion is obvious from the face of the May 18, 2009 Notice itself, which reads: "If you have any questions or need additional assistance, please contact your servicing agent: Joseph Lowinger." May 18, 2009 Notice. Indeed, Plaintiff essentially concedes as much when he states that the May 18, 2009 Notice "speaks for itself." Pl.'s Supp. 56.1 Resp., at ¶ 12. The Court agrees.

The issue of material fact that remained unresolved from the July Order was whether Defendant would have accepted a check addressed to any one of the Three Corporate Entities. That was, and continues to be, Defendant's argument, despite the Court's inadvertent wording in the July Order. *See* footnote 2, above. Because Defendant has offered convincing admissible evidence in support of this position, which Plaintiff has failed to rebut, the Court finds that Defendant would have accepted payment addressed to any of the Three Corporate Entities during the relevant period.

### B. Whether Plaintiff Previously Made Payments In Response to Other Grace Period Notices

Defendant's evidence demonstrates that Plaintiff received the June 17, 2008 Notice, and in response, remitted payment to Defendant at the correct address. Sutton Supp. Decl., Ex. 17. Plaintiff argues that his response to the June 17, 2008 Notice is immaterial, because Defendant addressed the June 17, 2008 Notice to the insured, Rachel Meisels, and it addressed the May 18, 2009 Notice to an individual named Mayer Rosen. Pl.'s Opp., at 8-9. According to Plaintiff, Rosen assisted Plaintiff with paying premiums. *Id.*, at 9. In fact, Plaintiff insists, the only reason Plaintiff successfully satisfied the June 17, 2008 Notice was due to Rosen's assistance. *Id.* Each of these arguments lacks merit.

First, Plaintiff's assertion that Defendant addressed the May 18, 2009 Notice to Rosen is incorrect; Defendant addressed it to the Trust, with the annotation "Attn Mr. Rosen." Second, the fact that Defendant mailed the grace period notices to two different addressees is irrelevant, because there is no question that Plaintiff received both notices. Plaintiff clearly received the June 17, 2008 Notice, because he mailed it back to Defendant, *see* Sutton Supp. Decl., Ex. 17, and the Court already has found that Plaintiff received the May 18, 2009 Notice. *See* June Order, at 10.[4] Finally, Plaintiff does not address the fact that New York law *required* Defendant to address the June 17, 2008 Notice and the May 18, 2009 Notice to the insured and the Trust, respectively. As noted by Defendant, in June 2008 New York law required that insurers send grace period notices the insured. Def. Supp. Mot., at 3 (citing N.Y. Ins. Law § 3211). By May 2009, New York had amended the statute to require that insurers send grace period notices to the policy owner. *Id.*, at 3 n.2. The Court declines to hold Defendant's compliance with the New York Insurance Law against it.

---

[4] Plaintiff's misguided attempt to raise the issue again here is unavailing.

The contention that Plaintiff received assistance from Rosen in complying with the June 17, 2008 Notice similarly is misguided. Notably, the record once again controverts Plaintiff's argument. Rosen testified at his deposition that he simply delivered to Plaintiff any mail sent to the Trust's address. Wilson Sec. Supp. Decl., Ex. 1, at 63:11-15. Rosen had no knowledge of its content, *see id.*, or why he needed to deliver it to Plaintiff. *Id.*, at 41:12-20. Furthermore, even if the Court accepted as true that Rosen assisted Plaintiff, it would make no difference. The issue is whether Plaintiff, with or without anyone's assistance, complied with the June 17, 2008 Notice. As it is abundantly clear that he did, Defendant's motion for summary judgment is granted.

### C. *Zeligfeld v. Phoenix Life Insurance*

The parties have spilled much ink arguing why *Zeligfeld*, a New York State Supreme Court case, supports their respective positions. *See* Def.'s Supp. Mot., at 6-9; Pl's Opp., at 1, 7-8; Def.'s Reply, at 1-4. The Court declines to discuss *Zeligfeld* in any detail, beyond the following two observations. First, Plaintiff's citations to that court's opinion denying the defendant insurance company's *motion to dismiss* are inapposite at best. Second, Defendant's citations to the *Zeligfeld* opinion denying the plaintiff insured's motion for summary judgment are persuasive, but warrant no further discussion here.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is granted and this action is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
       September 28, 2015

                                             /s/
                                   DORA L. IRIZARRY
                              United States District Judge